19-2288-ag
NLRB v. Matsu Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of September, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DENNY CHIN,
                     *Circuit Judges*.
_____

NATIONAL LABOR RELATIONS BOARD,

                     *Petitioner*,

             v.                                          19-2288-ag

MATSU CORP., DBA MATSU SUSHI RESTAURANT,

                     *Respondent*.
_____

Appearing for Petitioner:     Brady Francisco-FitzMaurice, Attorney (Usha Dheenan, Supervisory Attorney, Peter B. Robb, General Counsel, Alice B. Stock, Deputy General Counsel, Meredith Jason, Acting Deputy Associate Counsel, David S. Habenstreit, Assistant General Counsel, *on the brief*), National Labor Relations Board, Washington, DC.

Appearing for Respondent:     Mark C. Fang, New York, NY.

Petition for enforcement of an order of the National Labor Relations Board.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition of the National Labor Relations Board be and it hereby is **GRANTED** and the case is **REMANDED** for compliance proceedings.

The National Labor Relations Board petitions for the enforcement of its June 28, 2019 order finding that Respondent Matsu Corp. violated Section 8(a)(1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1), by firing two employees, Jianming Jiang and Liguo Ding, in retaliation for their concerted refusal to work an overnight shift, and mandating that Matsu implement remedial measures. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Section 8(a)(1) of the NLRA provides that it is an unfair labor practice for an employer to "interfere with, restrain, or coerce employees in the exercise of the rights guaranteed" in Section 7 of the NLRA. 29 U.S.C. § 158(a)(1). In turn, Section 7 guarantees workers the "right to self-organization, to form, join, or assist labor organizations, [and] to bargain collectively," as well as "to engage in other concerted activities for the purpose of . . . mutual aid or protection." 29 U.S.C. § 157. "A violation of § 8(a)(1) is established if (1) the employee's activity was concerted; (2) the employer was aware of its concerted nature; (3) the activity was protected by the act; and (4) the discharge or other adverse personnel action was motivated by the protected activity." *N.L.R.B. v. Oakes Mach. Corp.*, 897 F.2d 84, 88 (2d Cir. 1990) (internal quotation marks and citation omitted).

"This court reviews the Board's legal conclusions to ensure that they have a reasonable basis in law." *N.L.R.B. v. Caval Tool Div.*, 262 F.3d 184, 188 (2d Cir. 2001). In addition, "[f]actual findings of the Board will not be disturbed if they are supported by substantial evidence in light of the record as a whole." *Id.* (citing 29 U.S.C. §§ 160(e), (f)). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Elec. Contractors, Inc. v. N.L.R.B.*, 245 F.3d 109, 116 (2d Cir. 2001) (internal quotations marks and citation omitted).

Contesting enforcement of the Board's order, Matsu contends that the Board erred in concluding that Jiang and Ding's concerted actions constituted protected activity, and in finding that their discharge was motivated by their refusal to work on the overnight shift. Matsu primarily argues that (1) Jiang and Ding's refusal to work was actually an unprotected "partial measure in which they would keep their jobs but withhold their labor as they chose," Respondent's Br. at 7; (2) Jing and Ding were motivated by an ongoing dispute with Matsu's owners over money, not by safety concerns; and (3) the Board failed to establish that the employees' protected activity was a motivating factor in their discharge by declining to conduct the burden-shifting analysis of *Wright Line*, 251 NLRB 1083 (1980).

We lack jurisdiction to consider Matsu's argument that Jiang and Ding's refusal to work was an unprotected partial measure, because Matsu did not raise before the Board any objection to the ALJ's sua sponte consideration of this issue. *See* 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."). And in any event, "[t]he protection offered by Section 7 has been

broadly interpreted by the Board," *Office & Prof'l Emp.'s Int'l Union, AFL-CIO, CLC v. N.L.R.B.*, 981 F.2d 76, 81 (2d Cir. 1992), and plainly encompasses concerted refusal to work in conditions that pose an unsafe risk to health, *see, e.g.*, *Sargent Elec. Co.*, 237 NLRB 1545 (1978).

Matsu's remaining arguments are without merit. Jiang and Ding's testimony, along with the corroborating testimony of Yan Lin, provided substantial evidence for the Board's finding that safety concerns motivated Jiang and Ding's refusal to work an overnight shift that would have extended their working day to 36 hours. In addition, Matsu miscomprehends the import of the Board's conclusion that the burden-shifting analysis of *Wright Line* was inapplicable. In declining to apply *Wright Line*, the Board did not overlook its obligation to consider Matsu's challenge to the ALJ's factual findings. Rather, the Board explicitly adopted the ALJ's findings, including its findings that the Jiang and Ding's concerted activity was a motivating factor in their discharge.

Matsu also contests enforcement of the Board's order on the basis that the restaurant has now closed, so the remedial measures mandated by the order are impossible to implement. We are aware of no basis in the record for this Court to take judicial notice that the restaurant has now permanently closed, and the Board does not concede that it has. *Cf. Emhart Indus., Hartford Div. v. N.L.R.B.*, 907 F.2d 372, 379-80 (2d Cir. 1990); *see also N.L.R.B. v. Advanced Bus. Forms Corp.*, 474 F.2d 457, 459 n.1 (2d Cir. 1973). Matsu has not moved to supplement the record as to the restaurant's permanent closure. To the extent that the restaurant has permanently closed, any impossibility of the implementation of the Board's order is therefore appropriately addressed in administrative proceedings. *See* 29 C.F.R. §§ 102.52, 102.54(a).

We have considered the remainder of Matsu's arguments and find them to be without merit. Accordingly, we GRANT the Board's petition for enforcement, and REMAND to the Board for compliance proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3